### IRBY v. STATE.

(Court of Criminal Appeals of Texas. March 19, 1913. Rehearing Denied April 16, 1913.)

1. EMBEZZLEMENT (§ 35*)—INDICTMENT—EVIDENCE—ADMISSIBILITY.

The variance between an indictment for embezzlement of a described check and the check offered in evidence, which was like the description in the indictment, except that it contained in the upper left-hand corner a monogram of the bank, was immaterial.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 55–59; Dec. Dig. § 35.*]

2. EMBEZZLEMENT (§ 35*)—ISSUES AND PROOF—INDICTMENT—TIME.

The date alleged in an indictment for embezzlement as the date of the offense is immaterial, and the state may prove the commission of the offense at any time prior to the filing of the indictment and within the period of limitations.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 55–59; Dec. Dig. § 35.*]

3. EMBEZZLEMENT (§ 42*)—EVIDENCE—ADMISSIBILITY.

Where, on a trial for embezzlement of a check or the money thereof, the evidence showed that a check was delivered to accused for use in payment of a balance due the state on

land, and that he deposited the check and received the money thereon, a letter written by accused prior to the finding of the indictment, reciting that a receipt from the land office would be found inclosed, while no receipt was inclosed, was admissible.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. § 64; Dec. Dig. § 42.*]

4. EMBEZZLEMENT (§ 38*)—EVIDENCE—ADMISSIBILITY.

An objection to the admission in evidence of letters written by accused or by a third person prior to the filing of an indictment for embezzlement on the ground that the letters were written after the date alleged in the indictment as the date of the offense was properly overruled.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 61, 65, 66; Dec. Dig. § 38.*]

5. CRIMINAL LAW (§ 695*)—RULINGS ON EVIDENCE—OBJECTIONS.

The trial court in ruling on evidence need only pass on the objections made.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1633–1638; Dec. Dig. § 695.*]

6. CRIMINAL LAW (§ 1030*)—APPEAL—QUESTIONS REVIEWABLE.

The court on appeal will merely pass on whether the trial court erred in its rulings on the objections raised before it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619–2621, 2632, 2653; Dec. Dig. § 1030.*]

7. CRIMINAL LAW (§ 1052*)—APPEAL—QUESTIONS REVIEWABLE — RULINGS ON MOTION FOR CONTINUANCE.

Where no exception was reserved to the denial of a continuance, the court on appeal cannot review the ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2659; Dec. Dig. § 1052.*]

8. EMBEZZLEMENT (§ 44*)—EVIDENCE—SUFFICIENCY.

Evidence *held* to support a conviction for embezzlement.

[Ed. Note.—For other cases, see Embezzlement, Cent. Dig. §§ 67–70; Dec. Dig. § 44.*]

9. CRIMINAL LAW (§ 814*) — GRADE OF OFFENSE—EVIDENCE—INSTRUCTIONS.

Where accused charged with embezzlement appropriated to his own use at least $115 of the money of prosecutor, the refusal to charge on embezzlement of a sum less than $50 was not erroneous.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1821, 1833, 1839, 1860, 1865, 1883, 1890, 1924, 1979–1985, 1987; Dec. Dig. § 814.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

A. R. Irby was convicted of embezzlement, and he appeals. Affirmed.

Callaway & Callaway, of Comanche, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of embezzlement, and his punishment assessed at two years' confinement in the state penitentiary.

[1] In the first bill of exceptions appellant complains that the court erred in admitting in evidence the check given by W. C. Dukes

to him for $163.50 on account of an alleged variance. The check described in the indictment and the check introduced in evidence are exactly alike, except the check introduced in evidence had the monogram of the bank printed in the upper left-hand corner. This neither added to nor took from the check anything of value, nor was it descriptive of anything in the check. In a case of embezzlement this is not such a variance as would preclude its admissibility in evidence. May v. State, 15 Tex. App. 430.

[2-6] Another bill of exception reads as follows: "Be it remembered that upon the trial of the above styled and numbered cause the district attorney offered in evidence six or eight letters, as set out in full in the statement of facts filed herein, which statement of facts is hereby referred to and the letters as therein set out are made a part hereof, all of which letters were dated after the 4th day of January, A. D. 1912, the date upon which the embezzlement took place as alleged in the indictment, to the introduction of all of which the defendant then and there in open court objected for the reason that said letters were dated after the 4th of January, the day upon which the embezzlement is alleged in the indictment to have taken place, and that all of said letters were written and received after the alleged crime had taken place, and could in no way affect the transaction that had already occurred; they were therefore not admissible. They were highly prejudicial to the defendant's cause, because they might and would strongly tend to cause the jury to believe that at any time after the said date if the defendant should have formed the intention to take and use the said money that they could and should convict him, just the same as though he had embezzled the money on or before the said date, when in law he could not be convicted on this indictment for any crime he may have committed after the said date alleged in the indictment." It is thus seen that the only ground urged on the trial to the introduction of these letters in evidence was that they were written after the date alleged in the indictment when that offense occurred, etc. The letters were all written prior to the date of the finding and filing of the indictment in this cause, and as the date alleged in the indictment as the date of the offense is not a material allegation, as the offense may be proven to have occurred at any time prior to the filing of the indictment within the period of limitation, the objection made would not preclude the introduction of the letters. However, we have read all the letters introduced, and they were all written by appellant (except one), and the letters written by appellant were properly admitted as they would tend strongly to show whether or not appellant intended to embezzle the check or the money received thereon. As to

the letter written by Mr. J. T. Robinson to Mr. Dukes, it would not have been admissible if objected to and the proper objection made. The court in approving the bill (which is accepted and filed by appellant) states that the only letters objected to were the ones written by appellant. The letters written by appellant were properly admitted in evidence, for they throw light on the issue on trial. The money was delivered to appellant to pay a balance due to the state on land, and in one of the letters he says: "Rising Star March 5th. 1912. Mr. W. C. Dukes, Duster, Texas— Dear Mr. Dukes: Will you please find inclosed receipt from the land office in payment of your balance that you owed on your land. Will be glad to get the matter closed up, but I am at a loss to know how to get things in a better shape. Wishing you all kinds of success, and that we will get things closed up at an early date, I am yours very truly, A. R. Irby." As the record discloses there was no receipt in the letter, and in fact he had not paid the state the money, nor ever received any receipt, it can be seen how this letter would throw light on whether or not appellant intended to embezzle the check or money when he deposited it in his own name. But if the court should be wrong in stating that the only letters objected to were the letters written by appellant, and appellant did object to the letter written by Mr. Robinson, being admitted in evidence, if the only objection urged was that the letter was written after the date alleged in the indictment, the court would not err in overruling such an objection. Appellant seems to proceed on the theory that the state was tied to the date January 4th, and appellant could not be convicted unless it was shown the embezzlement took place on that date. But the indictment was not returned until October 18, 1912, and while it did allege that the offense was committed on or about January 4, 1912, yet the state was not restricted to its proof on that identical day, but could prove any date prior to October 18th (the day of the filing of the indictment), so that such date was within three years prior thereto. Knight v. State, 144 S. W. 967. As heretofore stated, if the proper objection had been urged this letter should not have been admitted, but the trial court is only called on to pass on the objection made, and this court merely passes on whether he erred in passing on that objection.

The third bill of exception states that Mr. Dukes was permitted to testify to a statement made to him by the cashier of the bank at Rising Star. Of course, the state could not make such proof; it would be hearsay, pure and simple, in the absence of appellant. But in approving the bill the court states: "I cannot approve this bill of exception as the same is presented to me for the reason that the same does not correctly show how the matter in question transpired. The district attorney did not ask the witness Dukes the question attributed to him in the bill of exception, and Dukes did not answer it over the objection of the defendant's counsel as stated in the bill. The statement of Jones to Dukes was brought out by the defendant himself as is shown by the statement of facts on page 10 (near the bottom of page) and notwithstanding the fact that defendant, through his counsel, drew out of Dukes and in that way put into the record what Jones had said to him as soon as he had done so, I excluded what Jones had said." By reference to the statement of facts we find that the court is correct in his qualification, and that the state did not adduce this testimony, but it was introduced by defendant on cross-examination; and, without objection being made, the court at once excluded it as hearsay, and instructed the jury not to consider it.

[7] There was no exception reserved to the action of the court in overruling the motion for continuance; consequently we cannot review that ground in the motion for new trial. In the motion for a new trial it is alleged that the court erred in overruling the motion to quash the indictment. There is no such motion in the record; however, we have read the indictment and it is drawn in terms frequently approved by this court.

[8, 9] The special charges requested by appellant, in so far as they are the law, were fully presented to the jury by the court in his charge. The only other two questions in the record are that the evidence is insufficient to sustain the conviction of a felony, and the court erred in not submitting the question of misdemeanor embezzlement. In this case it is clearly shown that Mr. Dukes sent appellant a check for $163.50 with which to pay an amount due the state, and secure for him a patent to his land; that appellant received the money on January 5th, and on that date appellant deposited to his credit this check in the state bank at Sipe Springs; at the time he deposited this check he was overdrawn at this bank in the sum of $16.37; that on January 6th appellant gave a check or checks for $8.50, and on January 9th the bank cashed a check or checks of appellant for $141.98, these items aggregating $166.85, thus on January 9th appellant had again overdrawn for $3.35. It is thus seen that appellant had appropriated all of this money to his own use within three days after he received it, and had not sent the money to the Land Commissioner to obtain the patent for Mr. Dukes' land. Appellant introduced a number of checks, covering a period of time from December 26, 1911, to February 8, 1912, but none of these checks would be material as to showing whether or not the court should have submitted embezzlement under $50, other than those paid on January 9th, the date the cashier of the State Bank says appellant drew out all the remainder of

the $163.50. The cashier says on January 9th he cashed a check or checks of appellant for $141.98; that these checks were turned over to appellant, and the only checks he introduced in evidence that were cashed on that day were: One for $18.70, one for $3.25, and one for $14.03, and one for $1, all aggregating $26.98. Take this from the $141.98, and it still leaves $115, which appellant appropriated to his own use on January 9th in one lump sum. Under such circumstances the court did not err in refusing to charge on embezzlement of a sum less than $50, and the evidence amply supports the verdict.

Affirmed.